IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

F I L E D
OCT 29 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 3:19-CR-157 |
| | ) | |
| v. | ) | Count 1: 18 U.S.C. § 641 |
| | ) | (Theft of Government Property) |
| | ) | |
| MILTON BARNES, | ) | |
| | ) | |
| Defendant. | ) | |

## CRIMINAL INFORMATION

The United States Attorney charges that:

### COUNT ONE
(Theft of Government Property)

1. SSA Title II benefits are paid to aged, blind and disabled persons who have paid sufficient FICA taxes into the program to become eligible for monthly payments upon finding that they meet all factors of entitlement. A wage earner must be at least 62 years of age and sufficient quarters of coverage, paid FICA taxes, and in the system to be entitled to retirement benefits. Survivors of eligible applicants are also entitled to benefits from the applicant record if they are eligible. SSA benefits are paid from the Retirement/Survivors Trust Fund, the Disability Trust Fund and the Medicare Trust Fund.

2. Individuals can receive Social Security benefits under Title II prior to age 62, if found to be disabled within Social Security law. Individuals meet the definition of disability if they cannot perform their previous work in the national economy. All benefits must cease when an individual dies.

3. The defendant, MILTON BARNES, was a resident of Richmond, Virginia.

4. On August 12, 2015, General C. Barnes died. The SSA, however, continued to

deposit General C. Barnes' monthly benefit of $1300.00 onto a direct express card with Comerica Bank until around June 2019.

5. From September 2015 until June 2019, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant, MILTON BARNES did knowingly, intentionally and unlawfully embezzle, steal, purloin, and convert to his own use money belonging to the United States of America, in that he accepted and used for his own benefit direct express card deposit payments from the SSA to General C. Barnes in the amount of approximately $63, 308.00. For example, on or about May 3, 2019, BARNES accepted and used for his own benefit, a direct deposit payment in the amount of $1,428.00 to which he was not entitled.

(In violation of Title 18, United States Code, Section 641.)

## FORFEITURE NOTICE

Pursuant to Rule 32.2(a) FED. R. CRIM.P., the defendant is hereby notified that if convicted of the offense charged in this Criminal Information, he shall forfeit any property, real or personal, which constitutes or is derived from any proceeds traceable to the offense. Property subject to forfeiture includes, but is not limited to:

> **The sum of at least $63, 308.00 representing the proceeds of the offense charged, to be offset of the forfeiture of any specific property, constituting substitute assets for the proceeds.**

If the property subject to forfeiture cannot be located, the United States will seek an order forfeiting substitute assets.

(In accordance with Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461.)

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: /s/ David J. Maguire
David T. Maguire
Assistant United States Attorney